Shelia A. MIXON, Plaintiff,

v.

HANLEY INDUSTRIES, INC.,
Defendant.

No. 77–729C(3).

United States District Court,
E. D. Missouri, E. D.

July 17, 1978.

Raymond Howard, Howard, Singer & Meehan, St. Louis, Mo., for plaintiff.

Robert C. Ely, Robertson, Ely & Wieland, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

Plaintiff Shelia A. Mixon brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1981, alleging discrimination on account of race.

This case was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, the stipulations of the parties, and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1) Plaintiff Shelia A. Mixon is a black female resident of the state of Missouri and was during all times relevant herein a citizen of the United States. Defendant Hanley Industries, Inc. is a corporation organized and existing pursuant to the laws of the state of Missouri. At all times relevant herein, defendant was an employer within the meaning of 42 U.S.C. § 2000e(b).

2) Plaintiff was hired by defendant on July 2, 1974 and was employed as an assembler of primers and detonators. She was laid off on March 31, 1975. At the time of lay-off, two other employees with less seniority than plaintiff were retained.

3) The lay-offs in March of 1975 were the result of a decrease in work, resulting from contract shortages. The employees to be

laid off were selected by Carl Roberts, assistant to the president of defendant corporation based upon the recommendations of the foremen and discussions with defendant's president. Seniority was not the sole deciding factor. Defendant, through Mr. Roberts, sought to retain those employees who would do the best job.

4) The two individuals who had less seniority than plaintiff but were not laid off in March, 1975, had been hired only very shortly after plaintiff had been hired. One was a white female and the other was a Korean female. Both of these individuals had received higher employment ratings than plaintiff and had attendance records which far surpassed that of the plaintiff.

5) The decision to lay off plaintiff was not based in whole or in part upon plaintiff's race, but was the result of plaintiff's employment record.

6) Since the lay-offs in March, 1975, defendant corporation has hired new employees and recalled laid-off employees. Plaintiff has not been recalled. The considerations which were applied to lay-offs applied to the decision to recall. One white male who had a poorer attendance record than plaintiff was recalled. The evidence failed to establish this individual's employment rating.

7) Defendant corporation, at the time of plaintiff's employment, employed 52 assemblers, of which 43 were black. Since plaintiff's lay-off, defendant has hired 32 black individuals and 15 white individuals.

8) The decision not to recall or rehire plaintiff was not based in whole or in part upon plaintiff's race. The decision was the result of plaintiff's prior employment record.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the subject matter and the parties to this suit in accordance with 42 U.S.C. § 2000e *et seq.* and 28 U.S.C. § 1343.

The Court has found that plaintiff was not laid off because of her race. The Court has further found that the decision not to

recall plaintiff was not based upon plaintiff's race. Accordingly, neither Title VII nor 42 U.S.C. § 1981 has been violated. *Cf., Christian v. General Motors Corporation,* 341 F.Supp. 1207 (E.D.Mo.1972), *aff'd,* 475 F.2d 1407 (8th Cir. 1973).

Judgment will be entered for defendant.